USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/31/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UMAR HARVEY,

                         Plaintiff,

-against-

CAPTAIN MELVILLE, et al.,

                         Defendant(s).

18 CV 7043 ( NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Umar Harvey ("Plaintiff"), proceeding *pro se*, commenced the instant action pursuant to 42 U.S.C. § 1983 ("Section 1983") on or about July 30, 2018, asserting claims against Defendants Captain Melville ("Melville"), Albert Prack ("Prack"), and Anthony Annucci ("Annucci") (collectively, "Defendants"). (*See* Complaint ("Compl.") (ECF No. 1).) In his Complaint, Plaintiff, currently an inmate at Marcy Correctional Facility, alleges multiple claims sounding in due process violations arising from a disciplinary hearing and subsequent investigation while he was housed at the New York State Department of Corrections and Community Supervision ("DOCCS") Green Haven Correctional Facility ("Green Haven"). (*Id.* at 5–10.) Defendant Melville, a Correctional Officer Supervisor at the Green Haven, is alleged to have conducted the initial inmate disciplinary hearing. Defendant Prack, a DOCCS employee, is alleged to have presided over Plaintiff's appeal following the disciplinary hearing. Defendant Annucci, as Acting Commissioner of DOCCS, was named as a Defendant due to his supervisory position. Plaintiff has voluntarily discontinued his claims against Annucci. (Mem. of Law in Opp'n to Mot. To Dismiss ("Pl.'s Opp.") (ECF No. 21) 4; Reply In Supp. Of Defendants' Mot. To Dismiss ("Defs.' Reply") (ECF No. 25) 3.)

    Presently before the court is Defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") seeking an order of dismissal due to Plaintiff's failure to assert a plausible a claim.

1

(*See* Notice of Motion ("Defs.' Mot.") (ECF No. 22).)  In particular, Defendants assert that Plaintiff's claims are time-barred by the applicable statute of limitations. (Mem. of Law In Supp. Of Defs.' Mot. To Dismiss ("Defs.' Mem.") (ECF No. 23).)  For the following reasons, Defendants' Motion is GRANTED.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint and are accepted as true for purposes of this motion.

Plaintiff is an inmate who, during the time period concurrent with the events described in the Complaint, was housed at Green Haven, a prison within DOCCS.  (Compl. 24–25.)  On March 14, 2014, Sergeant D. Kaufman ("Kaufman") authorized a search of Plaintiff's cell upon receiving a tip from a confidential informant.  (*Id.* ¶¶ 5–6.)  The search, which occurred in Plaintiff's absence, resulted in the discovery of a sharpened metal rod.  (*Id.* Ex. A at 12.)  Immediately thereafter, Plaintiff was removed from the Alcohol and Substance Abuse Treatment ("ASAT") program he was participating in and taken to the Special Housing Unit ("S.H.U").  (*Id.* ¶ 8.)  Plaintiff was charged with violating prison disciplinary rule 113.10, which prohibits possession of an "item that may be classified as a weapon or dangerous instrument."  (*Id.* Ex. A.)  *See Matter of Harvey v. Prack*, 39 N.Y.S.3d 471, 472 (N.Y. App. Div. 2016) (citing 7 N.Y.C.R.R. 270.2).

A disciplinary hearing was held on April 14, 2014, which was presided over by Melville.  (Compl. ¶ 16.)  Plaintiff was ultimately found guilty of possession of a sharp object.  Throughout the hearing, Plaintiff maintained his innocence and asserted that another inmate, identified as "Ayala," planted the contraband in his cell and informed prison authorities in order to obtain protective custody and a prison transfer, purportedly to avoid debts he owed to other prisoners.  (*Id.* ¶¶ 10–12.)  Despite making several requests, Plaintiff was denied the opportunity to question Ayala during the hearing.  Plaintiff's requests for Melville, as the hearing officer, to ascertain the identity and credibility of the confidential informant

were also denied. (*Id*. ¶¶ 11–15.) Plaintiff also raised questions concerning irregularities in the notice of the charges he was served as part of the disciplinary hearing, claiming he was served incorrect paperwork instead of the misbehavior report. *See Harvey*, 39 N.Y.S.3d at 473. Plaintiff was found to have lied during the disciplinary hearing and was not given the opportunity to present potentially exonerating documentary evidence which purportedly corroborated his claim. *Id*.

On June 16, 2014, Plaintiff's administrative appeal of the hearing officer's determination was denied. (Compl. ¶ 20.) *See Harvey*, 39 N.Y.S.3d at 472. As a result of his alleged violation(s), Plaintiff suffered the loss of six months of good time, as well as five months of privileges. (Compl. ¶ 16.) Plaintiff's 'preference transfer' to Green Haven, issued as a result of a period of good behavior, was rescinded. (*Id*. ¶¶ 2, 3 & 17.) Plaintiff was also denied the opportunity to complete his ASAT program. (*See id*. ¶¶ 8, 24 & 27.)

On October 25, 2017, Plaintiff was denied parole, pending re-evaluation in twenty-four months. (*Id*. Ex. C at 20.) The parole board cited Plaintiff's disciplinary record, including a citation for drug use which occurred two months prior to the parole hearing. (*Id*.) Plaintiff asserts that the disciplinary determination and sanctions imposed contributed to the denial of parole by tarnishing his record, in conjunction with the drug-related disciplinary infractions which were fueled, in part, due to his removal from ASAT. (Compl. ¶¶ 26–27.)

Plaintiff filed an Article 78 proceeding in New York State Supreme Court, Dutchess County, challenging the disciplinary proceeding. The matter was transferred to the New York State Appellate Division, Second Department (the "Second Department"), pursuant to NY Civil Practice Law & Rules ("N.Y. C.P.L.R.") § 7804 (g). *Harvey*, 39 N.Y.S.3d at 472. The Second Department annulled the hearing officer's determination and remitted the matter for further proceedings. *Id*. Of significance, the Second Department determined Plaintiff was denied a fair hearing by the prison, in violation of the Due Process Clause of the Fourteenth Amendment, when he was denied the opportunity to properly cross-exam Ayala

and present relevant documentary evidence. *Id.* at 473–74. On or about July 30, 2018, Plaintiff filed the present Section 1983 action. (Compl. 24–25.)

## STANDARD OF REVIEW

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). In assessing the plausibility of a complaint, a court must accept the factual allegations in the complaint as true. *Id*. at 678. Conclusory legal statements, unsupported by facts which raise the request for relief above a "speculative level on the assumption that all the allegations in the complaint are true" are to be disregarded. *Twombly*, 550 U.S. 554 at 556.

When analyzing a complaint by a *pro se* plaintiff, unrepresented by legal counsel, a court should construe it liberally, interpreting it "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A 12(b)(6) motion to dismiss a pro se complaint should only be granted if the complaint raises no plausible right to relief under any set of facts she could plausibly prove. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A liberal construction of a *pro se* plaintiff's complaint is especially important if it includes an allegation of civil rights violations. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). However, even a *pro se* plaintiff's complaint must plausibly set out entitlement to relief with sufficient factual allegations. *Jackson v. N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y 2010). A court liberally construing a *pro se* complaint is not required to re-write it or ignore the lack of an element essential to an entitlement to relief. *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

Although the statute of limitations is an affirmative defense that must be pleaded and proven, it may be raised in a Rule 12(b)(6) motion. *Guo v. IBM 401(k) Plus Plan*, 95 F. Supp. 3d 512, 519–20 (S.D.N.Y. 2015) (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)). Dismissal on the basis of untimeliness is permissible only if it is clear from the face of the complaint. *See Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.").

## DISCUSSION

Plaintiff asserts that his Section 1983 claims accrued on October 5, 2016, the date that he learned that his due process rights had been violated following the issuance of the Second Department's decision. (Pl.'s Opp. at 1–2.) Additionally, Plaintiff asserts that his Article 78 state action constitutes part of the exhaustion requirements that must be fulfilled prior to pursuing a Section 1983 action. (*Id.* at 2–3.) Neither of these assertions save Plaintiff's stale claim.

### A. Statute of Limitations

Since Congress has not established a federal statute of limitations for Section 1983 suits, courts apply the most appropriate statute of limitations from applicable state law. *Singleton v. New York*, 632 F.2d 185, 189 (2d Cir. 1980). In New York State, the applicable limitations period is borrowed from N.Y. C.P.L.R. § 214(5), the state personal injury statute. *Lenihan v. Keane*, No. 93 Civ. 8914 MGC, 1995 WL 28513, at *3 (S.D.N.Y. Jan. 24, 1995). While state law determines the statute of limitations for Section 1983 actions, federal law determines when a claim accrues and the statute begins to run. *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994).

Under federal law, a claim accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton*, 632 F.2d at 192 (quoting *Bireline v. Seagondollar*, 567 F.2d

260, 263 (4th Cir. 1977)).  However, "the reference to 'knowledge of the injury' does not suggest that the statute does not begin to run until the claimant has received judicial verification that the defendants' acts were wrongful."  *Veal*, 23 F.3d at 724.  A claim accrues when "the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm."  *Id*.; *see also Lenihan*, 1995 WL 28513, at *4.

In the Second Circuit, procedural due process claims relating to disciplinary hearings accrue "either at the date of the disciplinary hearing or at the date the prisoner's final administrative appeal is decided."  *Williams v. Roberts*, Civ. No. 9:11-CV-29 GTS/RFT, 2011 WL 7468636 at *16–17 (N.D.N.Y. Dec 15, 2011); *see Urena v. Annucci*, 16-cv-9708 NSR, 2018 WL 3863454 at *6 (S.D.N.Y Aug. 14, 2018) ("Plaintiff's disciplinary hearing occurred on December 14, 2012, triggering the accrual of the limitations period.  It was thereafter tolled during the time he exhausted his administrative remedies . . . and began to run again . . . when his administrative remedies were fully exhausted.").  Here, applying either interpretation yields the same result – either Plaintiff's claim accrued on the date of his disciplinary hearing and was tolled as he pursued administrative remedies or it accrued when his administrative appeal was denied.  In any case, Plaintiff was required to file his federal action no later than June 16, 2017, in order for it to be deemed timely.

Plaintiff's belief that the action accrued upon receiving favorable state court determinations, or in the alternative that the limitations period was tolled during his pursuit of a state remedy are both inaccurate.  The Second Circuit has consistently rejected the notion that the statute of limitations on Section 1983 claims is tolled until such time as related state court proceedings have concluded.  *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) ("We have held . . . that a plaintiff's pursuit of a state remedy, such as an Article 78 proceeding, does not toll the statute of limitations for filing a claim pursuant to section 1983."); *Singleton*, 632 F.2d at 191 ("Although the statute codifies a number of the tolling rules developed at common law, there is no provision for tolling the time for filing a cause of action during the period when

6

a criminal prosecution is pending against the plaintiff."). Of significance, the rule established in *Black v. Coughlin*, 76 F.3d 72 (2d Cir. 1996), that "a cause of action under [§]1983 for the denial of due process in a prison disciplinary hearing accrues for statute of limitations purposes at the time that a prisoner succeeds in having the disciplinary ruling reversed in state court" has been explicitly overruled. *Jenkins v. Haubert*, 179 F.3d 19, 28 (2d Cir. 1999).

Nor does the belief that a federal court would have dismissed a Section 1983 claim due to pending state court proceedings on the same issue save stale claims. *See Singleton*, 632 F.3d at 193. In response to dilemmas such as this one, the Second Circuit has explicitly authorized district courts to stay Section 1983 actions, rather than dismiss them, allowing a plaintiff to pursue his state court remedy without forfeiting any federal claims due to the passing of the statute limitations. *Id.*

Mere ignorance of legal rights is not legally equal to ignorance of the fact of injury. *United States v. Kubrick*, 444 U.S. 111, 122 (1979). Additionally, upon such injury, a cause of action accrues despite the fact that "the full extent of injury is not [] known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007). For the foregoing reasons, Plaintiff's Section 1983 claims were required to be filed no later than June 16, 2017. Plaintiff's commencement of this action over a year after that deadline expired renders his claims untimely and subject to dismissal.

**B.  Equitable Tolling & Continuing Violations Doctrine**

Generally, when considering a Section 1983 claim, state law tolling provisions apply. *See Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980). In New York, the equitable tolling doctrine "may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas*, 480 F.3d at 642. In order for equitable tolling to apply, a plaintiff must demonstrate due diligence on his part. *Id*. A plaintiff must show that the action was brought within a reasonable time once he was able to and that acts by defendants

prevented the plaintiff from filing the suit within the applicable time period. *Id*. In the case at bar, Plaintiff has not set out sufficient facts warranting the application of this doctrine.

In some circumstances, a plaintiff may also save an otherwise stale claim by asserting the continuing violation doctrine. *Harris v. City of New York*, 186 F.3d 243, 249 (2d Cir. 1999). Where there is evidence of a discriminatory policy or practice and a non-time-barred action taken in furtherance of that policy, the statute of limitations can be deemed to begin running once the last discriminatory act occurs. *Id*. at 250. However, the doctrine applies only to serial actions that together compromise a unitary violation, rather than discrete and separate acts, each unlawful on their own. *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (finding the continuing violation doctrine to apply to serial disregard of medical treatment recommendations by prison officials). Further, in the Second Circuit, the doctrine is used only rarely and upon on a showing of compelling circumstances. *McGann v. City of New York*, 12 Civ. 5746 PAE, 2013 WL 1234928 (S.D.N.Y. Mar. 26, 2013). In *Urena v. Annucci*, for instance, a similar case brought by a Green Haven inmate, a cell search and alleged procedural due process violations arising out of a disciplinary hearing were held to be discrete acts and the continuing violation doctrine did not apply. *Urena*, 2018 WL 3863454 at *7–8.

Here, the only non-time barred conduct indicated by Plaintiff is the denial of his parole, dated October 25, 2017. (*See* Compl. Ex. C. at 20.) Plaintiff, however, has not set out facts tending to support the existence of a discriminatory policy, describing only several discrete actions taken by prison officials, which while related, do not constitute any coherent official policy. In the highly analogous *Urena*, many of the same infringements complained of in the present case were distinctly found to be discrete. *Urena*, 2018 WL 3863454 at *7–8.

Thus, Plaintiff's Complaint is time-barred by the applicable statute of limitations under the facts as pleaded. Given the Second Circuit's reluctance to dismiss *pro se* complaints with prejudice, leave to

amend is preferred. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). While Plaintiff's complaint fails to state a claim upon which relief may be granted due to staleness, leave to amend is granted to the limited extent of addressing the issue of equitable tolling or to demonstrate the applicability of the continuing violations doctrine.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss on the basis of the statute of limitations is GRANTED, and Plaintiff's claims are dismissed in their entirety without prejudice. Plaintiff shall have until October 16, 2020, to file an amended complaint consistent with this Opinion and Order. An Amended Civil Rights Complaint Form is attached. Failure to timely comply with this order may result in the dismissal of this action with prejudice. Should Plaintiff elect to file an amended complaint, Defendants shall file an answer or otherwise respond by November 20, 2020.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 22, to mail a copy of this Opinion and Order upon Plaintiff, and to show proof of service on the docket.

Dated: August 31, 2020　　　　　　　　　　　　　　　　　　　　　　So Ordered:
White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　 Hon. Nelson S. Román
　　　　　　　　　　　　　　　　　　　　　　　　　　 U.S. District Court, S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

**I.   LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

**II.   PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                          State                          Zip Code

**III.   PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

Page 2

**IV. DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: _____
First Name          Last Name          Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City          State          Zip Code

Defendant 2: _____
First Name          Last Name          Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City          State          Zip Code

Defendant 3: _____
First Name          Last Name          Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City          State          Zip Code

Defendant 4: _____
First Name          Last Name          Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City          State          Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____                    _____
Dated                                                                        Plaintiff's Signature

_____
First Name                          Middle Initial              Last Name

_____
Prison Address

_____
County, City                                             State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6